■ In the Matter of STELL REALTY CORP., Respondent, against JOSEPH P. PLONSKI et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Zoning Board of Appeals of the Town of Huntington, denying petitioner's application for a special exception to use certain property as a gasoline service station and public garage, the Zoning Board appeals from an order of the Supreme Court, Suffolk County, entered January 5, 1960, which annulled the board's determination and which directed the issuance of a special use permit. Order reversed on the law and the facts, without costs, and petition dismissed. Findings of fact contained in the opinion of the Special Term, insofar as such findings are inconsistent herewith, are reversed and new findings are made as indicated herein. The record contains substantial evidence to support the determination of the board that petitioner had failed to sustain its burden of proving that the proposed use would not cause any undue traffic hazards, and would not impair the character of the neighborhood or adversely affect property values. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.

■ In the Matter of JOHN H. TANGES et al., Respondents, against STANLEY I. SCHONBRUN, Appellant.— In a special proceeding supplementary to judgment, the judgment debtor appeals from an order of the Supreme Court, Nassau County, entered January 15, 1960, adjudging him in contempt of court and fining him $880.79, plus $100 as counsel fees and $20 as costs, for violating the restrictive provisions of a subpoena duly issued and served upon him by the judgment creditors. The order permits the judgment debtor to purge himself by paying the said amounts within 20 days, and upon his failure to do so, directs him to be committed. The basis for the contempt proceeding is that between the time of the service of the subpoena and the time he was finally examined, he received and disposed of $880.79, the loan value of a policy of insurance on his life, of which his wife was the beneficiary, in violation of the restrictive provisions of section 781 of the Civil Practice Act, which was imprinted on the subpoena. Order affirmed, with costs. No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.